FILED
APR 2 7 2007
APR. 27, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JH

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PERRY TURNER;<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CHICAGO,<br>A Municipal Corporation; and<br>Chicago Police Officer<br>DAVID BROWN, Star 15887;<br><br>Defendants. | ) | 07CV2348<br>JUDGE KENNELLY<br>MAG. JUDGE BROWN<br><br>Jury Demand |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a citizen of the United States, and a resident of the city of Chicago.

5. Defendant police officers are duly appointed and sworn city of Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. On or about October 8, 2005, Plaintiff was driving his car at or near Cottage Grove and 76th Street, in the city of Chicago.

9. As Plaintiff was driving, he observed a Chicago police car, and then Plaintiff

pulled his car over.

10. Defendant-Officer BROWN approached Plaintiff with his gun drawn.

11. Defendant-Officer BROWN pulled Plaintiff out of his car and then slammed Plaintiff against the car.

12. Another Chicago police officer got into Plaintiff's car and drove away.

13. Plaintiff asked Defendant-Officer BROWN why his car was being taken.

14. Defendant-Officer BROWN told Plaintiff to shut-up, and struck Plaintiff in the head with his gun.

15. Plaintiff was transported from the scene by Defendant-Officer BROWN.

16. The car eventually stopped, and Plaintiff asked Defendant-Officer what was going on.

17. Defendant-Officer BROWN kicked Plaintiff several times.

18. Plaintiff was released from the police station the next morning. Plaintiff was charged with solicitation of a prostitute in Cook County Circuit Court case number 05129293501. On December 12, 2005, that case was dismissed.

19. After Plaintiff was released from the police station he went to his mother's house. Plaintiff's mother called for an ambulance, and Plaintiff was taken to Advocate Trinity Hospital to receive treatment for the injuries he received from the above-described beating.

20. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

21. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and monetary losses including medical expenses.

## COUNT I
## (42 U.S.C. § 1983 – Excessive Force)

22. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

23. The actions of Defendant-Officer BROWN violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officer BROWN;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
## (Indemnification Claim pursuant to 745 ILCS 10/9-102)

24. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

25. The acts of Defendant-Officer BROWN described in the above claims were willful and wanton, and committed in the scope of his employment.

26. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of Defendant-Officer BROWN.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify Defendant-Officer BROWN for any judgment entered in this case arising from his actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595